**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, Administrator of the Funds,** | ) | |
| **Plaintiffs,** | ) | **Case No.: 18 C 8204** |
| **v.** | ) | |
| | ) | **Judge** |
| **DON STOLTZNER MASON CONTRACTORS, an involuntarily dissolved Illinois corporation, and DONALD STOLTZNER, individually and d/b/a DON STOLTZNER MASON CONTRACTORS INC., an Illinois Corporation,** | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund (collectively "Funds") and Catherine Wenskus (hereinafter "Wenskus"), not individually but as Administrator of the Funds, by and through their attorneys Patrick T. Wallace, Amy Carollo, Katherine Mosenson, and Ryan Liska and for their Complaint against Defendants Don Stoltzner Mason Contractors, an involuntarily dissolved Illinois corporation and Don Stoltzner, individually and d/b/a Don Stoltzner Mason Contractors, state:

## COUNT I

**(Failure to Submit to an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331 and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Don Stoltzner Mason Contractors d/k/a Don Stoltzner Mason Contractors Inc. (hereinafter the "Company") is an involuntarily dissolved Illinois corporation. At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant Don Stoltzner (hereinafter "Stoltzner") is the president of the Company. The Company was involuntarily dissolved by the Illinois Secretary of State on December 10, 2018. Stoltzner conducted business on behalf of the Company, and was doing business as the Company, since its involuntary dissolution, and is liable for all debts and liabilities of the Company to the Funds incurred in carrying on the Company's business after the involuntary dissolution pursuant to 805 ILCS 5/1 et seq.

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). Company assigned its bargaining rights to the Mason Contractors Association of Greater Chicago and has been a party to successive collective bargaining agreements with the Union, the most recent of which has been effective since June 1, 2017. A true and accurate copy of the Company's Mason Contractor Member Application is attached hereto as Exhibit A.

8. The Funds have been duly authorized to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees. Further, the Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry

Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Will Grundy Industry Trust Advancement Fund ("WGITA"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those Funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. The Company is obligated to pay between 10% to 20% liquidated damages on late-paid contributions plus interest at a rate of 12% from the date the contributions were due until the contributions are paid.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company performed covered work during the time period of January 1, 2009 forward. The Funds demanded an audit and the Company failed to submit its books and records to an audit for the time period of January 1, 2009 forward, thereby depriving the Funds of information needed to administer the Funds and jeopardizing the benefits of the participants and beneficiaries.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company and Stoltzner are liable for the costs of any audit which reveals unpaid contributions.

14. The Company's actions in failing to submit to an audit to determine benefit contribution compliance violate Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company and Stoltzner are liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Don Stoltzner Mason Contractors and Don Stoltzner, individually:

a. ordering Defendants to submit all books and records to an audit for the period of January 1, 2009 forward and entering judgment in sum certain in Plaintiffs' favor against Defendant Don Stoltzner Mason Contractors and Don Stoltzner, individually, for the amounts

due on audit including unpaid contributions, interest, liquidated damages, accumulated liquidated damages on late-paid reports, audit costs, and Plaintiffs' attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Pay Union Dues)**

16. Plaintiffs reallege and incorporate herein paragraphs 1 through 15 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the time period of January 1, 2009 forward and failed to submit all books and records to a requested audit to determine dues contributions compliance for the time period of January 1, 2009 forward, thereby depriving the Union of information.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Don Stoltzner Mason Contractor and Don Stoltzner, individually, ordering the Defendants to submit the Company's books and records to an audit for the period of January 1, 2009 forward and entering judgment in favor of the Funds and against Defendants for the Union dues and liquidated damages owed together with all accumulated liquidated damages on late-paid reports, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

December 14, 2018

Laborers' Pension Fund, et al.

By: /s/ Amy Carollo

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

FEB 8 2005



# Mason Contractors Association

of GREATER CHICAGO
1450 RENAISSANCE DR. #302
PARK RIDGE, ILLINOIS 60068

## Mason Contractor Member Application
## 2004 – 2005

I WOULD LIKE TO BECOME A REGULAR MEMBER OF THE MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO

I agree to be bound by the By-Laws of the Association. I understand Regular Members assign bargaining rights for the bricklayers contract and may, but are not required to do the same for the Laborers agreement.

Please complete the following information and return to the above address:

Company Name: Don Stoltzner Mason Contractors

Address: 1550 Northwest Hwy. Suite 211

City Park Ridge State IL Zip 60068

Phone 847-298-7730 Fax: 847-298-7751

E-mail ____________ Fed Tax ID# 36-2580312

We are: Bricklayers X Laborers X Operators X

(X) Annual membership dues to the Mason Contractors Assoc. of America (Dues are based on Gross Sales. Under $1 million – annual membership $450.00)

[signature]
(Signature)

Don Stoltzner
(Don Stoltzner)

President
(Title)

1-27-05
(Date)

PHONE 847/824-0146

DEDICATED TO SOUND MASONRY CONSTRUCTION

Make all checks payable to the Mason Contractors Association of Greater Chicago

